**CASPERS TIN PLATE COMPANY**

v.

**The UNITED STATES.**

No. 470–54.

United States Court of Claims.
May 8, 1957.

Robert P. Smith, Washington, D. C., for plaintiff. Joseph W. Kiernan, Washington, D. C., D. A. Baker, Chicago, Ill., and Smith, Ristig & Smith, Washington, D. C., were on the brief.

David R. Frazer, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

This is a suit to recover excess profits taxes for the year 1945 in the amount of $31,927.67.

The plaintiff is a corporation organized under the laws of the State of Illinois, and maintains its principal place of business in Chicago, Illinois.

On March 15, 1946, the plaintiff filed its Federal excess profits tax return for the taxable year ending December 31, 1945, and paid the amount of $171,-470.95 which was shown to be due. On or about July 25, 1947, the plaintiff paid additional excess profits taxes for the year 1945 in the amount of $3,693.37 and interest of $259.75.

Section 722(d) of the Internal Revenue Code of 1939, as amended, 26 U.S.C. § 722(d), which was applicable to the taxable year 1945, provided in part as follows:

"(d) *Application for relief under this section.* The taxpayer shall compute its tax, file its return, and pay the tax shown on its return under this subchapter without the application of this section, except as provided in section 710(a) (5). The benefits of this section shall not be allowed unless the taxpayer within the period of time prescribed by section 322 (I.R.C.1939) and subject to the limitation as to amount of credit or refund prescribed in

such section makes application therefor in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. * * *"

Section 322 of the Internal Revenue Code of 1939, as amended, 26 U.S.C. § 322, provided in part as follows:

"§ 322. Refunds and credits.

* * * * * *

"(b) *Limitation on Allowance.*

"(1) *Period of Limitation.* Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * *"

On the morning of March 15, 1949, the plaintiff received from its auditing firm Form 991 which had been prepared by its auditors for execution by plaintiff's officers. When this form was signed by plaintiff's officers and notarized by plaintiff's assistant secretary and comptroller, Mr. Roy Kritzer, it became the plaintiff's application for relief under section 722 with respect to excess profits taxes for the taxable year 1945. Mr. Kritzer took this application for relief, with a duplicate copy thereof, to the collector's office in Chicago, Illinois, at about 11 a. m. on March 15. The undisputed testimony shows that Mr. Kritzer personally tendered the application for relief under section 722 to the office of the Collector of Internal Revenue for the Chicago district for the purpose of having it filed as a claim. It was presented to a young lady at the counter who looked it over and told Mr. Kritzer that she felt that it should be filed in Washington. It had been the custom theretofore for the Collector of Internal Revenue at Chicago to receive not only income tax returns but also claims for refunds and applications for

relief.[1] Mr. Kritzer asked the girl to check with her superior. She did so and told Mr. Kritzer that her superior had advised her to instruct Mr. Kritzer that he should go immediately to the airport and send the claim to Washington by airmail; that the Revenue Department was staying open all over the country until midnight that night; and that by using the airmail he felt quite sure the claim would reach the Washington office of the Commissioner on time.

Mr. Kritzer took the application for refund to the airport and personally mailed it by registered airmail, with return receipt requested, to the Commissioner of Internal Revenue, Washington, D. C. This was shortly after noon. The postmaster at the airport assured him that planes were leaving for Washington within the next hour and that the claim certainly would be on one. The testimony indicates that the flying time from Chicago to Washington was between two and three hours.

The defendant placed no witnesses from the Chicago office on the stand. The only witness who appeared for the defendant was Richard R. McLaughlin who worked in the Readjustment Section of the Bureau of Internal Revenue in Washington at the time plaintiff's claim was filed. Mr. McLaughlin testified that in the year 1949 he worked in the Readjustment Section; that he had no personal recollection of the particular claim; that the incoming mail went first to the mail room and was there distributed; and that he did not know how long it was kept in the mail room before it was sent to the Readjustment Section. However, the stamp on plaintiff's claim recited "Received MAR 16 1949 Readjustment Section."

It is altogether possible, even probable, that plaintiff's claim arrived in Washington and was received in the mail room of the Commissioner of Internal Revenue before midnight of March 15th. However, there is no conclusive proof on this point.

Plaintiff was notified on August 5, 1952, that its excess profits tax liability for 1945 was $139,543.28, that $175,164.32 had previously been assessed for that year, and that there was an overassessment for that year of $3,693.37, the balance of $31,927.67 being barred by the statute of limitations. It is for this latter amount that plaintiff now sues.

Plaintiff takes the position that its claim for relief on Form 991 for the year 1945 was timely and properly filed with the defendant. In the alternative it argues that the parties negotiated a settlement of plaintiff's claims for the years 1940 to 1945, and that the settlement constituted an account stated entitling plaintiff to recover.

It is the defendant's position that plaintiff's claim is barred because not timely filed. Defendant also denies that an account stated occurred between the parties and urges that the statute of limitations on claims against the United States can never be waived by an officer or agency of the Government.

It is clear that if plaintiff's claim was timely filed it is entitled to recover the amount for which it sues. The defendant does not dispute the fact that payments made by plaintiff for the year 1945 exceeded its tax liability for that year by $35,621.04 and that only $3,693.37 was refunded to plaintiff. Defendant points out. however, that both the regulations and the instructions attached to Form 991 provided that Form 991 should be filed with the Commissioner of Internal Revenue in Washington, D. C., and that March 15, 1949, was the

---

1. Mr. Kritzer, plaintiff's assistant secretary and comptroller, testified as follows:

Q. Have you previously filed documents with the Collector's Office in Chicago?

A. We do that all the time, Mr. Smith, and all our documents are filed with the Collector's Office.

Q. Including claims for refunds?

A. Yes, sir.

Q. And claims for relief?

A. Yes, sir.

final day on which plaintiff could file its claim. Defendant concludes that since Form 991 was not received by the proper officials in Washington until March 16, 1949, the claim is barred.

Plaintiff says that the claim was received by the proper officials in Washington on March 15, and that even if it was not received in Washington, it was properly filed in Chicago on that date.

Although it appears likely that plaintiff's claim arrived in the mail room of the Commissioner of Internal Revenue in Washington before midnight on March 15, 1949, the evidence presented does not definitely establish this fact. However, it is clear from the evidence that plaintiff tendered to a representative of defendant's Chicago office on the morning of March 15, 1949, a properly signed and executed application for relief under section 722 which constituted a valid claim for refund. The evidence also reveals that on previous occasions applications for relief and claims for refund had been accepted in the Chicago office. It is also clear that when the defendant's agents in Chicago refused to accept the application, plaintiff's officer made every effort to file the application in Washington on March 15, and in so doing acted pursuant to instructions of the defendant's agent in Chicago.

We believe that the established practice of the Commissioner of accepting and processing claims for refund and relief when filed in the Chicago collector's office superseded any technical regulation to the contrary.

In the light of the facts and circumstances revealed by the evidence in this case we conclude that a constructive filing, if not an actual one, occurred on March 15, 1949, and we so hold. To hold otherwise would be to reach a harsh and unjust result contrary to every rule of fair play known to us.

The plaintiff pleads in the alternative that the parties negotiated a settlement of plaintiff's claims for the years 1940 to 1945, and that the settlement constituted an account stated upon which plaintiff should be allowed recovery. Plaintiff originally claimed an overpayment of more than $200,000 in excess profits taxes for the years 1940 to 1945. After numerous conferences between representatives of the plaintiff and defendant and considerable correspondence, the parties agreed under section 722 to a constructive average base period net income of $137,000 for each of the years 1941 to 1945, inclusive, and to a constructive average base period net income of $106,800 for the year 1940. Despite this agreement, plaintiff was notified on August 5, 1952, that $31,927.67 for the year 1945 was barred because the claim for relief under section 722 was not timely filed.

The facts as disclosed by the record might well be construed as constituting an account stated, but since we are holding that there was a timely constructive filing of a claim for relief for the year 1945, we need not consider that question.

The plaintiff is entitled to recover. Judgment will be entered in favor of the plaintiff in the amount of $31,927.67, with interest as provided by law.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.